**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:  FRANCIS A. ALPARONE and
CAROL E. ALPARONE,                              Chapter 13
                                                Case No. 10-24806 (RTL)
       Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X
FRANCIS A. ALPARONE and
CAROL E. ALPARONE,
                                                Adversary Proceeding
       Plaintiffs,            Case No. 10-2555 (RTL)
    v.

OCWEN LOAN SERVICING, LLC.,

       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

**MEMORANDUM OPINION**

**APPEARANCES:**
Joseph Albanese, Esq.
Attorney for Plaintiffs/Debtors

Fein, Such, Kahn & Shepard
Vincent DiMaiolo, Esq.
Attorneys for Defendant

**RAYMOND T. LYONS, U.S.B.J.**

**INTRODUCTION**

      The parties filed cross motions for summary judgment in this adversary proceeding regarding alleged violation of the Truth in Lending Act, ("TILA"), 15 U.S.C. § 1601 et seq. (2012).  The court previously ruled that the disclosure of finance charges was inaccurate entitling the Plaintiffs to rescind the mortgage on their residence.  In addition to rescission, the Plaintiffs

1

seek statutory damages for the faulty disclosure and for the failure to perform the creditor's obligations in response to the notice of rescission. Plaintiffs also seek attorney's fees and costs.

Defendant, Ocwen Loan Servicing, LLC maintains that as an assignee of the loan documents it is immune from damages because the violation was not apparent on the face of the disclosure statement, citing 15 U.S.C. § 1641. The court agrees that Ocwen is not liable for damages because the disclosure violation was not apparent on the face of the disclosure statement. Nevertheless, the court will award Plaintiffs reasonable attorney's fees and costs for successfully prosecuting their rescission action.

## **BACKGROUND**

Plaintiffs/Debtors refinanced the mortgage on their residence with Mortgage Now, Inc. for $377,000 on March 26, 2008. In less than a year, Debtors defaulted on their monthly payment due on December 1, 2008. They made no more payments after that. A foreclosure action was commenced in New Jersey state court on May 6, 2009. Plaintiffs failed to answer and default was entered against them. By December 2009, the mortgage had been assigned to Ocwen Loan Servicing, LLC. A request for final judgment by default was filed with the state court but had not been entered prior to the Plaintiffs' bankruptcy filing.

On May 14, 2010, Plaintiffs filed a petition under chapter 13 of the Bankruptcy Code. In their chapter 13 plan, Plaintiffs proposed to make monthly payments to the trustee to satisfy priority tax claims and their second mortgage; however, the plan did not propose any payments to Ocwen on the first mortgage. An addendum to the plan disclosed that Plaintiffs intended to file an adversary proceeding to void their first mortgage for TILA violations.

Ocwen Loan Servicing, LLC filed a proof of claim as the first mortgagee showing a total

2

amount due of $422,972.85 and that Plaintiffs had not made a payment since December 2008. Ocwen objected to confirmation. The court confirmed the plan but granted relief from the automatic stay for Ocwen to pursue its rights since the plan only promised litigation for Ocwen.

On December 7, 2010, Plaintiffs filed an adversary complaint against Ocwen seeking rescission, damages and attorney's fees for alleged violations of TILA. The complaint alleges that the disclosures given were defective because "the finance charge as shown on said T.I.L.A. Disclosure understates the actual finance charge by an amount greater than the tolerances established in 15 U.S.C.. § 1635(i)(2)." No details of the disclosure violation were alleged in the complaint. Subsequently, on December 14, 2010, Plaintiffs' attorney mailed a rescission notice to Ocwen and Mortgage Now, Inc. asserting violations of TILA by understatement of the finance charge. Again no details of the alleged violation were provided.

Both Ocwen and Mortgage Now, Inc. responded to the notice of rescission by denying that the TILA disclosures were defective. Ocwen pointed out that it was not the original lender and could not tell from the notice of rescission nor its review of the loan documents the basis of Plaintiffs' claim that disclosure was deficient. Mortgage Now's President and CEO, who is an attorney, responded that his company had recalculated all the TILA disclosures and determined that the original disclosures were correct.

Ocwen conducted discovery by way of interrogatories and depositions of the Plaintiffs. In fact, Ocwen requested more specific answers to its interrogatories seeking the details of the alleged understatement of the finance charge. Plaintiffs' response was:

> #19. As stated in our Complaint, the finance charge as contained in the T.I.L.A. Disclosure understates the true amount by more than $35.00. Plaintiffs are entitled to a refund of all closing costs, and all interest paid on the Note. Their damages are established by

3

> statute. Moreover, the Rules of Court allow us to produce documents in lieu of giving an answer, which was done quite some time again [sic].

Also, Plaintiffs' counsel attached a handwritten calculation to a fax cover sheet that, frankly, does not clarify what was improper about the original TILA disclosure.

Ocwen asserted that Plaintiffs had failed to specify how the finance charge was understated as alleged in the Complaint. Consequently, Ocwen moved for summary judgment. Plaintiffs opposed and cross moved for summary judgment that they had the right to rescind the transaction. Plaintiffs, for the first time, itemized the alleged TILA violations: (1) that the $375 fee for the closing agent plus $75 in copying and faxing were not included in the finance charge, but should have been because the lender required the use of that particular closing agent; (2) the lender charged $250 to record the mortgage but the actual fee to the recording official was $160, so that excess of $90 should have been included in the finance charges.

After considering extrinsic evidence that the lender selected the closing agent, including the Plaintiffs' certification and a "Service Provider Disclosure" required under RESPA from Mortgage Now, the court agreed with Plaintiffs that the finance charge was understated in the amount of the closing agent's fees and expense of $450. Regulation Z, 12 C.F.R. § 226.4(a)(2) (2012). In addition, after reviewing the state statute on recording fees, N.J. STAT. ANN. § 22A:4-4.1 (West 2012), the court agreed that the finance charge was understated by the excess $90 recording fee over the actual cost. 15 U.S.C. § 1605(d)(1), 12 C.F.R. § 226.4(e)(1); *see Brodo v. Bankers Trust Co.*, 847 F.Supp. 353, 357- 58 (E.D.Pa. 1994). Therefore, the court denied Ocwen's motion for summary judgment and granted Plaintiffs' cross motion that they have the right to rescind the mortgage. Ocwen requested that rescission be conditioned on Plaintiffs'

4

tendering the amount of the loan as required by 15 U.S.C. § 1635(b). The statute and Reg. Z, 12 C.F.R. § 226.23(d)(4), permit the court to modify the procedures for rescission and tender. Plaintiffs opposed any condition on rescission but offered that, if the court were inclined to require tender as a condition of rescission, they had a contract to sell their home and would use the proceeds to fulfill their tender obligation. Citing *Apaydin v. Citibank Federal Savings Bank* (*In re Apaydin*), 201 B.R. 716 (E.D. Pa. 1996), the court agreed to Ocwen's request and accepted Plaintiffs' suggestion to condition rescission on sale of the residence and use of the proceeds to make the tender.

Subsequently, the parties submitted additional briefing on the issues of statutory damages for the initial disclosure violation and the failure to respond to the rescission notice, as well as attorney's fees and costs. The court will now consider these issues by way of cross motions for summary judgment.

### *Assignee Liability*

Ocwen argues that as an assignee it cannot be liable for statutory damages or attorney's fees if the disclosure violation is not apparent to a reasonable person on the face of the disclosure document citing *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194 (3d Cir. 2000). Technically, that case involved a car loan and interpreted 15 U.S.C. § 1641(a) that applies to assignees in general. This case involves a home mortgage loan which is specifically dealt with in a separate subsection, 15 U.S.C. § 1641(e). The two subsections are very similar, but have slightly different language. *Ramadan* primarily concerned an interpretation of the phrase "or other documents assigned" that appears in 1641(a) but not in 1641(e); thus that case is not directly on point. There are three aspects to Plaintiffs' claim: faulty disclosure, failure to properly respond to the notice of

5

rescission, and attorney's fees and costs.   It must be determined whether the assignee exculpatory provision of 15 U.S.C. § 1641(e) applies to each aspect of Plaintiffs' claim.

### *Disclosure Damages*

Both parties agree that Ocwen as an assignee cannot be liable for faulty disclosures unless the violation was apparent on the face of the disclosure statement.   15 U.S.C. § 1641(e).   They disagree on whether the violations were apparent in this case.   The statute provides guidance for determining what constitute facial violations.

> (2) Violations apparent on the face of the disclosure described.
> For the purpose of this section, a violation is apparent on the face of the disclosure statement if –
> (A) the disclosure can be determined to be incomplete or inaccurate by a comparison among the disclosure statement, any itemization of the amount financed, the note, or any other disclosure of disbursement; or
> (B) the disclosure statement does not use the terms or format required to be used by this title.

15 U.S.C. § 1641(e)(2).

In this case there is no claim that the lender failed to use the required terms or format.   Nor can the inaccuracies be determined by comparing the disclosure statement to the note or the closing statement.   It was only through considering extrinsic evidence, such as the Plaintiffs' certification, and the lender's RESPA Service Provider Disclosure, that the court was able to determine that the closing agent's fees and costs were not properly excludable from the finance charge under Reg. Z.   12 C.F.R. § 226.4(a)(2).   Furthermore, the court had to consult the state statute to determine the actual cost of recording to be less than the amount charged by the lender.   15 U.S.C. § 1605(d)(1).   Thus, the disclosure violations were not facial and Ocwen as assignee cannot be assessed disclosure damages.

It is noteworthy that neither the complaint nor the rescission notice from Plaintiffs' attorney specified the fees and expenses that were not included in the finance charges and resulted in an understatement. Both Ocwen and Mortgage Now responded to the notice of rescission by denying that there was any failure to comply with TILA. In fact, Mortgage Now reran the calculations and came up with the same disclosures. Plaintiffs' answers to interrogatories lacked any specificity as to how the TILA disclosures were deficient and their response to a request for more specific answers was, likewise, nonspecific. It was not until responding to Ocwen's motion for summary judgment that Plaintiffs finally identified the closing agent's fees and expenses and the overcharge of recording fees that constituted the understatement of the finance charge. It is disingenuous for the Plaintiffs to claim that the disclosures were inaccurate on the face of the disclosure statement where they failed to specify the inaccuracies for so long and with many opportunities to do so.

### *Failure to Honor Rescission*

TILA requires a creditor to take certain actions after an obligor exercises his right to rescind the transaction, namely: (1) return any property or money given and (2) terminate any security interest. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d)(2). If a creditor fails to perform its duties under this section, in addition to rescission, the court may award additional remedies of actual damages, statutory damages, attorney's fees and costs. 15 U.S.C. §§ 1635(g) and 1640(a).

Ocwen asserts that the protection afforded assignees from liability for disclosure violations that are not apparent on the face of the disclosure statement, shield it from additional remedies for failure to comply with § 1635(b). Several cases support Ocwen's position. In *Horton v. Country Mortg. Services, Inc.,* 2010 WL 55902, at *5 (N.D. Ill. 2010), the court wrote:

7

> When the underlying basis for rescission is a disclosure violation not apparent on the face of the disclosure statement, an assignee cannot be subject to damages for failing to comply with a notice to rescind issued under Section 1635.

*Id.* at *5.  *See also Bills v. BNC Mortg., Inc.,* 502 F.Supp. 2d 773, 776 (N.D. Ill. 2007) ("[A]n assignee cannot be subject to damages for failing to comply with a notice to rescind issued under § 1635 when the underlying basis for the rescission is a disclosure violation not apparent on the face of the disclosure statement.").  *See also Rojo v. Bear Sterns Residential Mortg. Corp.,* 2011 U.S. Dist. LEXIS 71082, at *28 (E.D. Wis. 2011) ("Assignees generally have not been held liable for statutory damages for failure to rescind . . . where the underlying TILA violation was not apparent on the face of the document in question.").  *See also Brodo v. Bankers Trust Co.*, 847 F. Supp. 353, 359 (E.D. Pa. 1994)

  Plaintiffs argue that failure to follow the statutory requirements in response to a valid notice of rescission is a separate violation of TILA giving rise to statutory damages, but do not discuss whether § 1641 shields Ocwen from liability as an assignee.  Plaintiffs rely on *Murray v. First National Bank of Chicago* (*In re Murray*), 239 B.R. 728 (Bankr. E.D. Pa. 1999); however, that case involved § 1641(d), the HOEPA assignee provision, and the court specifically noted that § 1641(a) and (e) are distinct from § 1641(d).  *Id.* at 733.  Plaintiffs also cite *Ralls v. Bank of New York* (*In re Ralls*), 230 B.R. 508 (Bankr. E.D. Pa. 1999) where the plaintiff was entitled to statutory damages for defendant's failure to properly respond to a notice of rescission and the defendant happened to be an assignee, but there was no discussion of § 1641(e).  Cases that have imposed liability on an assignee for failure to respond to a rescission notice have found that the underlying TILA violations were apparent on the face of the disclosure statement.  *Garcia v. HSBC Bank*

*USA, N.A.*, 2009 WL 4730961, at *4-5 (N.D. Ill. 2009); *Hubbard v. Ameriquest Mortg. Company*, 624 F.Supp. 2d 913, 922 (N.D. Ill. 2008); *Lippner v. Deutsche Bank Nat'l Trust Co.,* 544 F.Supp. 2d 695, 704 (N.D. Ill. 2008). The *Ralls* case, cited by Plaintiffs, found that the contradictions among the disclosure statement and the other loan documents were obvious. 230 B.R. at 513.

In this case, where the disclosure violations were not apparent on the face of the disclosure statement, §1641(e) precludes an award of damages against Ocwen for failure to properly respond to Plaintiffs' notice of rescission.

### *Attorney's Fees*

Borrowers who have successfully sued to enforce their right to rescission have recovered attorney's fees and costs against an assignee even where the TILA violation was not facial. *Fairbanks Capital Corp. v. Jenkins*, 225 F.Supp.2d 910, 916-7 (N.D. Ill. 2002); *Payton v. New Century Mortg. Corp.,* 2003 U.S. Dist. LEXIS 18366, at*25, 2003 WL 22349118, at *7-8 (N.D. Ill. 2003); *Rojo v. Bear Sterns Residential Mortg. Corp.,* 2011 U.S. Dist. LEXIS 71082, at *29 (E.D. Wis. 2011).

> As the court explained in *Fairbanks*, "denying a consumer whose demand for rescission was refused by an assignee the ability to recover attorney's fees upon successful court action to enforce her TILA rights would undermine the policies underlying the TILA and its private enforcement mechanism" and "chill[] [consumers] from seeking enforcement even in meritorious cases, as it is common for TILA plaintiffs to be persons of limited means who are unable to finance expensive litigation." 222 F.Supp.2d at 917. Accordingly, though plaintiffs are not entitled to statutory damages for the defendants' failure to rescind the transaction, plaintiffs are entitled to reasonable attorney's fees because they have brought a successful action for rescission.

*Id*. In *Brodo* the court refused to award attorney's fees and costs where the TILA disclosure

9

violation was not apparent on the face of the disclosure statement. 847 F.Supp. at 358–59. The court seemed to restrict liability for failure to respond to a valid notice of rescission to the original lender and not assignees.

> While § 1641(c) provides that the right to rescind exists even against a creditor's assignee, § 1640(a) permits only a "creditor" to be held liable for a statutory penalty or an award of attorney's fees to a plaintiff should an assignee fail to respond to a valid rescission notice.

Id. at 359. To the extent the quoted language accurately reflects the court's decision in *Brodo*, this court respectfully disagrees. To the contrary, this court agrees with *Fairbanks* and will award Plaintiffs costs and attorney's fees for successfully vindicating their right to rescind the mortgage transaction.

## CONCLUSION

The disclosure violations of TILA were not apparent on the face of the disclosure statement. Defendant, Ocwen, as an assignee is not liable for damages for either the disclosure violation or the subsequent failure to perform its statutory duties after receiving the notice of rescission. 15 U.S.C. § 1641(e). Nevertheless, Plaintiffs will be awarded costs and reasonable attorney's fees for their successful action for rescission.

Dated: June 4, 2012            /S/ *Raymond T. Lyons*
                               United States Bankruptcy Judge